# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA M. EGGLESTON,

    Plaintiff,

    v.

Brenda Kobal,

    Defendant.

CIVIL ACTION NO. 3:08:-CV-01882

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Linda M. Eggleston's Complaint (Doc. 1) and accompanying Motion For Leave to Proceed *In Forma Pauperis* (Doc. 2). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.)

Plaintiff, filing *pro se*, does not allege a jurisdictional basis in her Complaint. The Plaintiff does, however, allege that Defendant Brenda Kobal, in her capacity as a guardian ad litem, violated Plaintiff's rights as a disabled individual that are protected by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*. Thus, by applying the liberal pleading standards afforded *pro se* litigants under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court reads Plaintiff's Complaint to invoke this Court's "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff, however, seeks to advance a claim against a Defendant who has absolute immunity from suit. "It is well settled that officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time [42 U.S.C.]

§ 1983 was enacted." *Dornheim v. Sholes*, 430 F.3d 919, 925 (2005); *see accord Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006) ("While § 1983 makes no mention of an immunity defense, an official is immune from a § 1983 suit if she was accorded immunity from tort actions at common law when the Civil Rights Act was enacted in 1871."). In the present case, Attorney Kobal was appointed as a guardian ad litem in Plaintiff's ongoing custody proceedings. A guardian ad litem serves "as an investigator and gather[s] information about the parents and the children and report[s] back to the court recommending which parent should receive custody." *Hughes v. Long* 242 F.3d 121, 127 (3d Cir. 2001). Guardian ad litems aid and inform the court and are characterized as "agents" of the court and "actual functionaries or arms of the court." *Id*. (citing *Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989)). "Because of this intimate relationship to the court and the judicial process, several courts have held that when performing certain delegated duties, guardian ad litems are entitled to absolute judicial immunity." *Id*. (citing *Gardner*, 874 F.2d at 145; *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989); *Myers v. Morris*, 810 F.2d 1437 (8th Cir. 1987)).

In the current case, Plaintiff seeks to advance a suit against the Defendant for actions the Defendant took in her capacity as a court appointed guardian ad litem. As detailed by the prior discussion, the Defendant is, thus, considered an officer of the court entitled to absolute immunity. For this reason, Plaintiff's suit against Defendant Kobal cannot proceed.

The Court further notes that the relief sought by Plaintiff's Complaint is removal of Defendant Kobal from participation in Plaintiff's ongoing custody action in the Lackawanna County Court of Common Pleas. The United States Supreme Court, however, has established that federal courts cannot interfere with state proceedings under the so-called

"*Younger* abstention" and "*Rooker-Feldman*" doctrines.  See *Younger v. Harris*, 401 U.S. 37 (1971) (establishing that federal courts may not interject into state criminal proceedings); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (applying *Younger* abstention to state civil proceedings); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 419 (1923) (holding that federal courts do not have jurisdiction to modify state court judgments); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986) (concluding that a federal court has no authority to review judgments of a state court in judicial proceedings).  Accordingly, Plaintiff requests in her Complaint that this Court grant her relief which it has no jurisdiction to grant.

**NOW,** this 20th day of October, 2008, upon review of the Plaintiff's Complaint, **IT IS HEREBY ORDERED THAT** this action is **DISMISSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge